## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re | ) | |
| | ) | **In Proceedings Under Chapter 11** |
| **DAVID WAYNE LESTER** | ) | **No. 17-42677-DR11** |
| **Debtor** | ) | |

### DEBTORS OBJECTION TO CREDITOR'S PROOF OF CLAIM

**COMES NOW Debtor, David Lester, and hereby objects to Ditech Financial, LLC's Proof of Claim (Claim No. 1) in the amount of $38,117.07 and filed on November 6, 2017 regarding Debtor's property located at 717B Banner Road, Lee's Summit, MO 64086.**

NOTICE: **Your claim may be reduced, modified, or eliminated. You should read this document carefully and discuss it with your attorney, if you have one.**

Pursuant to Local Rule 3007-1 (C), the Claimant shall have 30 days after service of the Objection in which to file a Response, if you do not want the court to eliminate or change your claim. The Response shall be in writing and state why the claim should be allowed as filed. If a Response is filed, the Court will schedule a hearing. If no timely Response is filed, the Court will enter an Order sustaining the Objection to the Claim. Parties not represented by an attorney shall mail a Response to the Court at the address below. Debtor(s) not represented by an attorney must be served a copy of the Response by regular mail. If your Response is mailed, it must be early enough so that the court will receive it on or before 30 days after service of the Objection.

The basis for the objection is as follows:

☐ The deadline for filing proofs of claim expired prior to the filing of the claim, so the claim should be disallowed in its entirety. (Not applicable in Chapter 7)

☒ The claim should be disallowed entirely because creditor lacks standing to make this claim (see below).

☐ The claim should instead be allowed as a (secured, priority, or unsecured) claim in the amount of $_____ because _____.

☐ The claim should instead be allowed as secured in the amount of $_____ and unsecured in the amount of $_____ because_____.

**More specifically Debtor, David Lester, objects to Ditech Financial LLC's Proof of Claim (Claim 2-1) on Debtor's property located at 717B Banner Road, Lee's Summit, MO 64086 on the following grounds:**

1.      Ditech Financial, LLC filed the Proof of Claim not at the Debtor's Creditor, but as an agent for the Creditor.

2.      The copy of the Note provided at Page 1 of the documents submitted to support the claim shows that the Lender is America's Wholesale Lender, (AWL) and there is no description as to whether this is a corporation, partnership, limited liability company or any kind of legal entity. Rather, the Lender appears to be just an assumed name.  However, an assumed business name is not an actual entity and has no power or standing to be a part of any contract, nor the capacity to own anything.

3.      The Note attached to the Proof of Claim contains a blank endorsement by David A. Spector, as Managing Director of Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, but it is not dated.  Debtor received a copy of the same Note in 2016, and it did not have any endorsements.

4.      Further, the supporting documents submitted with the Proof of Claim, starting at Page 31, contain an Assumed Name Certificate issued by the State of Texas in September, 2007, granting Countrywide Home Loans, Inc. use of the name America's Wholesale Lender, but only within specific counties in the State of Texas.  The Note and Deed of Trust in this matter were executed in Jackson County, Missouri.

5.      In addition, the Assumed Name Certificate provided was filed two years after the Note was signed, clearly indicating that at the time of its execution America's Wholesale Lender was not the name used by Countrywide, so that there was no legal entity acting as the Lender at the time of loan origination.

6.      Ditech also attached in support of its Proof of Claim, starting at Page 27, a Certificate of Merger indicating that Green Tree Servicing, LLC through merger became Ditech Financial, LLC,

2

the claimant herein.  However, nothing in the documents submitted indicates that Green Tree had

any ownership interests or agency power to act as the creditor on this debt, and as such, neither

does Ditech.

7.      The Proof of Claim and supporting documentation completely fail to show a chain of title

establishing the right of any particular entity to enforce either the Note or the Deed of Trust in this

matter.  Nothing shows an endorsement or transfer of rights from AWL to Bank of America or

anyone else.  No documents show a chain of title reflecting negotiation and transfer of the Note to

the current holder, whoever that may be. No records attached show proof of agency relationship

between the holder or owner of the debt and the claimant as servicer of the Note.

        Dated May 2, 2018.


                                Respectfully Submitted,

                                ____/s/ Aldo P. Caller_____  ____
                                Aldo P. Caller, MO Bar No. 43121
                                Santa Fe Law Office Building,
                                8000 Foster Street,
                                Overland Park, Kansas 66204
                                Tel. (913) 648-3220
                                Fax (913) 642-5860
                                Email: aldocaller@msn.com
                                ATTORNEY FOR DAVID W. LESTER



                        **CERTIFICATE OF SERVICE**

        I hereby certify that a true copy of the foregoing document was filed electronically on
January 2, 2018 with the United States Bankruptcy Court, and has been served on the parties in
interest via email by the Court' CM/ECF system as set out on the Notice of Electronic filing issued
by the Court, and upon the affected creditor, Ditech Financial, LLC, P.O. Box 6154, Rapid City,
South Dakota 57709-6154 via U.S. Mail, postage prepaid on the same day.

                                ____/s/ Aldo P. Caller_____
                                ATTORNEY FOR DEBTOR