**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In Re ) | |
| ) | **In Proceedings Under Chapter 11** |
| DAVID WAYNE LESTER ) | No. 17-42677-DR11 |
| Debtor ) | |

### DEBTORS OBJECTION TO CREDITOR'S PROOF OF CLAIM

COMES NOW Debtor, David Lester, and hereby objects to Ditech Financial, LLC's Proof of Claim (Claim No. 2) in the amount of $58,081.98 and filed on November 6, 2017 regarding Debtor's property located at 717A Banner Road, Lee's Summit, MO 64086.

NOTICE: **Your claim may be reduced, modified, or eliminated. You should read this document carefully and discuss it with your attorney, if you have one.**

Pursuant to Local Rule 3007-1 (C), the Claimant shall have 30 days after service of the Objection in which to file a Response, if you do not want the court to eliminate or change your claim.  The Response shall be in writing and state why the claim should be allowed as filed.  If a Response is filed, the Court will schedule a hearing.  If no timely Response is filed, the Court will enter an Order sustaining the Objection to the Claim. Parties not represented by an attorney shall mail a Response to the Court at the address below. Debtor(s) not represented by an attorney must be served a copy of the Response by regular mail. If your Response is mailed, it must be early enough so that the court will receive it on or before 30 days after service of the Objection.

The basis for the objection is as follows:

☐ The deadline for filing proofs of claim expired prior to the filing of the claim, so the claim should be disallowed in its entirety. (Not applicable in Chapter 7)

☒ The claim should be disallowed entirely because creditor lacks standing to make this claim (see below).

☐ The claim should instead be allowed as a (secured, priority, or unsecured) claim in the amount of $_____ because _____.

☐ The claim should instead be allowed as secured in the amount of $_____ and unsecured in the amount of $_____ because_____.

More specifically Debtor, David Lester, objects to Ditech Financial LLC's Proof of Claim (Claim 2-1) on Debtor's property located at 717A Banner Road, Lee's Summit, MO 64086 on the following grounds:

1.       Ditech Financial, LLC filed the Proof of Claim not at the Debtor's Creditor, but as an agent for the Creditor.

2.       Claimant provided a copy of the Note on Page 2 of the supporting documents attached to the claim. That Note shows that the Lender is America's Wholesale Lender, (AWL) and there is no description as to whether this is a corporation, partnership, limited liability company or any kind of legal entity. Rather, the Lender appears to be just an assumed name. However, an assumed business name is not an actual entity and has no power or standing to be a part of any contract, nor the capacity to own anything. The copy of the Note does not have any endorsements of any kind. As such, the Creditor entitled to enforce the Note has to be the original Lender, for no transfer is possible without an endorsement.

3.       In further support of its Proof of Claim, on Page 1 of its supporting documentation, Ditech Financial attached a "Lost Note Affidavit" signed by Pamela Smylie. It is dated October 27, 2015. It states that page 2 of the Note, the one which contained the obligors' signatures, was lost. However, the Lost Note Affidavit does not say when the page was lost, why it was lost, what was done to locate it. As such, the Lost Note Affidavit fails to cure the fatal defect of lack of possession of the original Note to demonstrate holder status in order to enforce the debt.

4.       In further support of its Proof of Claim, starting on Page 9 of its supporting documentation, Ditech Financial attached a copy of the Deed of Trust (DOT) recorded with the Jackson County, Missouri Recorder of Deeds. It shows that the Lender is AWL, said to be a New York corporation with an address listed as a P.O. Box in Dallas, Texas.

5.       Ditech also attached, starting on Page 6 of the documents submitted in support of its Proof of Claim, a Limited Power of Attorney from Bank of America, N.A. dated April 6, 2013 to Green Tree Servicing, LLC. Nothing in this document, however, establishes that Bank of America, N.A.

is the owner or holder of the Note or was the owner in March, 2013. In addition, the Limited Power of Attorney names Bank of America, N.A. as the "Seller," although it purportedly only grants authority to act for the "Seller." Nonetheless, the document further states that the Limited Power of Attorney is "coupled with an interest." It is therefore unclear whether the Limited Power of Attorney merely granted Green Tree agency rights or whether it transferred the beneficial interest of the Note and Deed of Trust to Green Tree. Further, this Limited Power of Attorney grants Green Tree the power to perform servicing functions, specifically noting that if any endorsements are made by Green Tree, they must be made "without recourse." Again, the Note does not have any endorsements.

6.  Also attached to Ditech's supporting documentation, starting at Page 34 are records from the Delaware Secretary of State showing that Green Tree merged with another company, and from that merger Ditech Financial, LLC came into existence on August 31, 2015.

7.  In further support of its Proof of Claim, starting on Page 31 of its supporting documentation, Ditech Financial attached a copy of an June 20, 2017 Assignment of Mortgage/Deed of Trust signed by Jennifer Moylan, as Vice President, of MERS, as nominee for AWL. MERS could not be or have continued to be the nominee of AWL because AWL is not a legal entity. It is well known that an agent performing an assignment or transfer of a Deed of Trust must have the instruction of and authority to perform the assignment from a principal who is entitled to enforce the Note and Deed of Trust at the time of the assignment. This is impossible when the entity for which MERS is said to be the nominee does not exist or has not existed for many years at the time of the purported assignment. Moreover, Bank of America, N.A. purported to be the Lender back in 2013, per the Limited Power of Attorney discussed above, yet no

supporting document establishes Bank of America, N.A. to be a holder or to have authorized MERS to assign the Deed of Trust.

8.      Therefore, the Proof of Claim and supporting documentation completely fail to show a chain of title establishing the right of any particular entity to enforce either the Note or the Deed of Trust in this matter.  Nothing shows an endorsement or transfer of rights from AWL to Bank of America or anyone else.  No documents show a chain of title reflecting negotiation and transfer of the Note to the current holder, whoever that may be. No records attached show proof of agency relationship between the holder or owner of the debt and the claimant as servicer of the Note. As such, Ditech Financial lacks standing to claim creditor status on this debt.

Dated May 2, 2018.

Respectfully Submitted,

   /s/ Aldo P. Caller
Aldo P. Caller, MO Bar No. 43121
Santa Fe Law Office Building,
8000 Foster Street,
Overland Park, Kansas 66204
Tel. (913) 648-3220
Fax (913) 642-5860
Email: aldocaller@msn.com
ATTORNEY FOR DAVID W. LESTER

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was filed electronically on January 2, 2018 with the United States Bankruptcy Court, and has been served on the parties in interest via email by the Court' CM/ECF system as set out on the Notice of Electronic filing issued by the Court, and upon the affected creditor, Ditech Financial, LLC P.O. Box 6154, Rapid City, South Dakota 57709-6154 via U.S. Mail, postage prepaid on the same day.

   /s/ Aldo P. Caller
ATTORNEY FOR DEBTOR