**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| David Wayne Lester | ) | Case No. 17-42677-drd11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S PLAN OF REORGANIZATION**

      This Amended Plan of Reorganization (the "Plan") is proposed by David Wayne Lester ("Lester" or "Debtor") as the Debtor in Possession in Case No. 17-42677 under Chapter 11 of the Bankruptcy Code, for the resolution of the Debtor's outstanding creditor claims. Reference is made to the Debtor's Disclosure Statement (the "Disclosure Statement") for a discussion of the Debtor's history, business and for an analysis of this Plan. All creditors are encouraged to consult the Disclosure Statement before voting to accept or reject this Plan. No solicitation materials, other than the Disclosure Statement and related materials transmitted herewith and approved by the Bankruptcy Court have been authorized by the Court for use in soliciting acceptances or rejections of this Plan.

**I.     DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION**

     **A.     Definitions.**

      In addition to such other items as are defined in other sections of this Plan, the following terms (which appear in this Plan as capitalized terms) have the following meanings as used in this Plan:

      1.1     "Administrative Claim" or "Administrative Expense Claim" means any Claim, other than an intercompany claim, of the kinds described in Sections 364(a), 364(b), 507(a)(1), 507(b), 1129(a)(4) or 1114(e)(2) of the Bankruptcy Code, or a cost or expense of administration of a Chapter 11 Case allowed under Sections 503(b) or 546(c)(2)(A) of the Bankruptcy Code, including, but not limited to, any actual and necessary costs and expenses of preserving an Estates, any actual and necessary expenses of operating the business of a Debtor, including, without limitation, loans or other advances to and letter of credit arrangement for a Debtor as debtor in possession, all compensation of any Professionals, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under Sections 330 and 331 of the Bankruptcy Code, and any fees or charges assessed against an Estate under Chapter 123 of Title 28 of the United States Code.

      1.2     "Allowed" means, with reference to any Claim, (a) any Claim against any Debtor which has been listed by the applicable Debtor in its Schedules, as such Schedules may be amended by the Debtor from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim has been filed, (b) any Claim as to which no objection to allowance has been timely interposed in

accordance with section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, pursuant to section 8.02 of this Plan, or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or as to which any objection has been determined by a Final Order to the extent such objection is determined in favor of the respective holder, (c) any Claim as to which, upon the lifting of the automatic stay pursuant to section 362 of the Bankruptcy Code, the liability of the applicable Debtor, allowance and the amount thereof are determined by final order of a court of competent jurisdiction other than the Bankruptcy Court, or (d) any Claim expressly allowed pursuant to this Plan.

      1.3    "Allowed Claim" means a Claim, other than an Administrative Expense Claim, or any portion thereof (i) as to which (a) no proof of claim has been timely or deemed timely filed and (b) the liquidated and noncontingent amount of which has been scheduled by a Debtor pursuant to the Bankruptcy Code as undisputed, or (ii) as to which a proof of claim has been timely filed in a liquidated amount provided that (a) no objection to the allowance of such Claim or motion to expunge such Claim has been filed before any final date for the filing of such objections or motion as set forth herein or (b) if such objection or motion has been filed and not withdrawn, such objection or motion has been overruled by a Final Order (but only to the extent such objection or motion has been overruled), or (iii) as to which a Final Order has been entered allowing such Claim. "Allowed Claim" shall not include interest on the principal amount of such Claim accruing from and after the Petition Date. Except as otherwise allowed by the Bankruptcy Court pursuant to Section 506(b) of the Bankruptcy Code, or provided in this Plan, "Allowed Claim" shall not include fees, costs or charges related to such Claim incurred from and after a Petition Date.

      1.4    "Allowed Priority Claim" shall mean an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority pursuant to § 507(a) of the Bankruptcy Code, other than § 507(a)(1) and (a)(2).

      1.5    "Allowed Secured Claim" and "Secured Claim" are used interchangeably and shall mean any Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor have an interest, or which is subject to setoff under § 553 of the Bankruptcy Code, to the extent of the value determined in accordance with § 506(a) of the Bankruptcy Code or by agreement between the Debtor and the Claimant of the interest of the Holder of such Allowed Claim in the Debtor's interests in such property, or to the extent of the amount subject to such setoff as the case may be.

      1.6    "Allowed Unsecured Non-Priority Claim" shall mean an Allowed Claim for which the claimant has not asserted or is determined by a Final Order not to hold a valid, perfected and enforceable lien, security interest or other interest in or encumbrance against the property of the Debtor or right to setoff to secure the payment of such Claim.

      1.7    "Assumed Contracts" means all unexpired leases and executory contracts designated by a Debtor in an exhibit or supplement to the Plan as an executory contract or unexpired lease that such Debtor or Reorganized Debtor, as the case may be, is assuming under this Plan or otherwise pursuant to Section 365(a) of the Bankruptcy Code.

1.8 "Bankruptcy Code" or "Code" means Title 11 of the United States Code, as same was in effect on the Petition Date, as amended by any amendments applicable to this Reorganization Case.

1.9 "Bankruptcy Court" means the United States Bankruptcy Court for the Western District of Missouri, or in the event such court ceases to exercise jurisdiction over this Reorganization Case, such court or adjunct thereof that exercises jurisdiction over the Reorganization Case in lieu of the United States Bankruptcy Court for the Western District of Missouri.

1.10 "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Western District of Missouri, as the same may from time to time be in effect and applicable to proceedings in this Reorganization Case.

1.11 "Cash" means cash and cash equivalents.

1.12 "Claim" means any right to payment from a Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from a Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, known or unknown

1.13 "Class" means a category of holders of Claims or Equity Interests as designated in Article III of this Plan.

1.14 "Confirmation" means the entry of an Order of the Bankruptcy Court confirming this Plan.

1.15 "Confirmation Date" means the date the Bankruptcy Court enters the Confirmation Order.

1.16 "Confirmation Order" means the Order of the Bankruptcy Court confirming this Plan.

1.17 "Cure Amount" means the amount of Cash required for the assumption of an unexpired lease or executory contract pursuant to section 365(b) of the Bankruptcy Code equal to all accrued, due, and unpaid monetary obligations, without interest, or such other amount as may be agreed to by the parties thereto or ordered by the Bankruptcy Court, under such executory contract or lease to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law.

1.18 "Debtor In Possession" means the Debtor when acting in the capacity of representative of the Estate in this Reorganization Case.

1.19 "Debtor" means Leslie Roger Saunders, II, as defined herein.

1.20  "<u>Disclosure Statement</u>" means Debtor's Disclosure Statement pursuant to § 1125 of the Bankruptcy Code, as may be subsequently amended, which contains a discussion of Debtor's history, business, results of operations, and a summary and analysis of this Plan.

1.21  "<u>Disallowed</u>" means any Claim that is not Allowed.

1.22  "<u>Disputed Claim</u>" means a Claim as to which a proof of claim has been Filed or deemed Filed, as to which an objection has been or may be timely Filed by the Debtor, Reorganized Debtor, or any other party in interest and which objection, if timely filed, has not been withdrawn and has not been overruled or denied by a Final Order.  Prior to the time that an objection has been or may be timely Filed, for the purposes of this Plan, a claim shall be considered a Disputed Claim (a) to the extent that the amount of the claim specified in the proof of claim exceeds the amount of the claim Scheduled by the Debtor as other than disputed, contingent, or unliquidated on the Schedules of Assets And Liabilities; (b) if the claim has been Scheduled as disputed, contingent or unliquidated; or (c) if the claim has not been Scheduled.  A claim shall not be considered a Disputed Claim to the extent that it is deemed to be an Allowed Claim or Allowed Secured Claim by this Plan.

1.23  "<u>Effective Date</u>" means the first business day on which no stay of the Confirmation Order is in effect that is after fourteen (14) days (as calculated in accordance with Bankruptcy Rule 9006(a)) following the Confirmation Date.

1.24  "<u>Estate</u>" means the estate created in this Reorganization Case for the Debtor by § 541 of the Bankruptcy Code.

1.25  "<u>Filed</u>" means filed with the Bankruptcy Court in the Reorganization Case.

1.26  "<u>Final Order</u>" means an Order as entered on the docket as to which the time to appeal has expired and as to which no appeal has been timely filed, or as to which any appeal that has been filed has been resolved by the highest court to which the Order was timely appealed.

1.27  "<u>Interest</u>" means an equity security holder in the applicable Debtor held by a person or entity, as of the Petition Date, and as to which such Interest was listed in the applicable Debtor's respective List of Equity Security Holders in the Debtor's respective Schedules.

1.28  "<u>Order</u>" means an order or judgment of the Bankruptcy Court as entered on the docket.

1.29  "<u>Person</u>" shall mean any individual, corporation, general partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, trust, government or political subdivision, governmental unit (as defined in the Bankruptcy Code), official committee appointed by the United States Trustee, unofficial committee of creditors, equity holders, or other entity.

1.30  "<u>Plan</u>" means this Plan of Reorganization jointly proposed by the Debtor, as may be subsequently amended.

      1.31    "Pro-rata" shall mean in the same proportion that the amount of the Allowed Claim in any Class of Claims bears to the aggregate amount of all claims in such Class.

      1.32    "Reorganization Case" means the Debtor's Chapter 11 case, pending in the Bankruptcy Court.

      1.33    "Reorganized Debtor" means Saunders on and after the Effective Date.

      1.34    "Scheduled" shall mean as set forth on the Debtor's Schedules, as may be amended from time to time.

      1.35    "Schedules" mean the schedules of assets and liabilities; the list of holders of equity Interests, and the statements of financial affairs filed by the applicable Debtor under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications to such schedules, lists, and statements through the Confirmation Date.

      **B.**    **Interpretation, Rules of Construction, Computation of Time.**

      1.39    Any term used in this Plan that is not defined in this Plan, either in Article II (Definitions) or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in (and shall be construed in accordance with the rules of construction under) the Bankruptcy Code or the Bankruptcy Rules. Without limiting the foregoing, the rules of construction set forth in § 102 of the Bankruptcy Code shall apply.

      1.40    The words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to this Plan as a whole and not to any particular article, section, subsection or clause contained in this Plan.

      1.41    Unless specified otherwise in a particular reference, a reference in this Plan to an Article or a Section is a reference to that Article or Section of this Plan.

      1.42    Any reference in this Plan to a document being in a particular form means that the document shall be in substantially such form.

      1.43    Any reference in this Plan to an existing document means such document, as it may have been amended, restated, modified, or supplemented from time to time.

      1.44    Whenever from the context it is appropriate, each term stated in either the singular or the plural shall include both the singular and the plural.

      1.45    In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

      1.46    All exhibits and/or supplements to this Plan are incorporated into this Plan, and shall be deemed to be included in this Plan, regardless of when they are filed.

II. **DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS**

The following is a designation of the classes of claims and interests under this Plan. A claim or interest is classified in a particular class only to the extent that the claim or interest qualifies within the description of that class and is classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim or interest is in a particular class only to the extent that the claim or interest is an allowed Claim or Allowed Interest in that class and has not been paid, released or otherwise satisfied before the Effective Date.

All Claims and Equity Interests against the Debtors of any nature whatsoever, whether or not scheduled; liquidated or unliquidated; absolute or contingent, including all Claims arising from transactions of the Debtors or rejection of executory contracts, whether resulting in an Allowed Claim or not; and all interests arising from the ownership of the Debtors, shall be bound by the provisions of this Plan. The Claims and interests are hereby classified as follows:

    A.    **Secured Claims.**

        Class 1: Secured claim of Mazuma Credit Union. Class 1 is unimpaired under this Plan.

        Class 2: Secured claim of Bank of America. Class 2 is impaired under this Plan.

    Class 3: Secured claim of Ditech Financial, LLC (717A Banner Rd). Class 3 is impaired under this Plan

    Class 4: Secured claim of Ditech Financial, LLC (717B Banner Rd). Class 4 is impaired under this Plan

    Class 5: Secured claim of Nationstar Mortgage, LLC. Class 5 is impaired under this Plan

    B.    **Allowed Unsecured Non-Priority Claims (unsecured claims).**

Class 6: Allowed Unsecured, Non-Priority Claims (general unsecured claims). Class 6 is unimpaired under this Plan.

    C.    **Interests and Claims Relating To Interests.**

Class 7: Interests of Debtor. Class 7 is unimpaired under this Plan.

III. **TREATMENT OF CLASSES OF CLAIMS AND INTERESTS**

    A.    **Treatment of Unclassified Claims.**

        3.1    Administrative Claims. All Allowed Administrative Claims, whether incurred before or after the Confirmation Date, allowable under §330 and §503(b) of the Bankruptcy Code, and which are entitled to priority payment under §507(a) (1) of the Bankruptcy Code. The Claims of the

6

     Class include income taxes and post-petition expenses not paid during the course of the Chapter 11 proceedings, attorney's fee and account fees for post-petition services rendered to the Debtor on an after the Filing Date. These Claims also include Claims of the United States Trustee to the extent of any quarterly fees due under 28 U.S.C. §1930 (a) (6) as of the Confirmation Date and postpetition taxes, if any.

  3.2 <u>Treatment of Priority Tax Claims</u>.  The Debtor does not believe that any priority tax claims exist against it.

**B.** <u>**Treatment of Secured Claims.**</u>

  3.1 <u>Class 1 (Secured Claim of Mazuma Credit Union)</u>.  The claim of Mazuma Credit Union unimpaired and is secured by a first deed of trust real property located at 16625 E. Cogan Road, Independence, MO. This claim is about $66,700.00 and will be paid according to the terms of the note.

  3.2 <u>Class 2 (Secured Claim of Bank of America, N.A.)</u>.  The claim of Bank of America is impaired and is secured by a deed of trust on real property located at 807 NE Barnes Dr., Lee's Summit, MO. Bank of America has file a claim in the amount of $105,104.98. This claim is disputed and an adversary petition shall be filed challenging both the claim and its secured status.

  3.3 <u>Class 3 (Secured Claim of Ditech Financial, LLC (1)</u>.  The claim of Ditech Financial, LLC (1) is impaired and is secured by a deed of trust on real property located at 717 NE Banner Dr., Unit B, Lee's Summit, MO in the amount of approximately $48,000.00. This claim is disputed and an adversary petition shall be filed challenging both the claim and its secured status.

  3.4 <u>Class 4 (Secured Claim of Ditech Financial, LLC (2))</u>.  The claim of Ditech Financial, LLC (2) is impaired is secured by a deed of trust on real property located at 717 NE Banner Dr., Unit B, Lee's Summit, MO in the amount of approximately $34,000.00. This claim is disputed and an adversary petition shall be filed challenging both the claim and its secured status.

  3.5 <u>Class 5 (Secured Claim of Nationstar Mortgage, LLC</u>.  The claim of Nationstar Mortgage LLC impaired andis secured by a deed of trust on debtor's residence in the approximately amount of $136,186.00. This claim is disputed and an adversary petition shall be filed challenging both the claim and its secured status.

To the extent that all or a portion of the disputed secured claims are deemed to be secured, then the secured portion of such claim shall be paid according to its respective note.  To the extent that Debtor obtains a final, non-appealable judgment, order or other similar judicial award finding that that any of the disputed secured claim are liable to Debtor for certain monies

7

owed, then pursuant to 11 U.S.C. §§ 553 and 558 and in lieu of making payments to the respective creditors under this Plan, Debtor may off-set any amounts it owes the respective creditor with any final claims it may have against creditor.

      3.6      Class 6 (Allowed Unsecured Non-Priority Claim). Class 6 is unimpaired under this Plan. The Debtor currently believes that, other than the claims against the secured creditors identified above, there are no other general unsecured claims against the Debtor's estate. However, to the extent that Debtor determines that there are potential general unsecured claims against it, then Debtor shall have sixty (60) days after confirmation of the Plan within which to object to any Claim filed in the case. Debtor shall have an additional thirty (30) days to object to any claim filed pursuant to the recovery of any avoidable transfer action. Any Claim not objected to within such periods shall be deemed accepted.

      3.7      (Interests in Debtor). Class 7 will be treated as follows: David Lester will retain all of his interest in the property of the estate.

Following entry of an order by the Bankruptcy Court allowing an unsecured non-priority claim (including any order of the Bankruptcy Court determining that all or a portion of the disputed secured creditors' claims are an Allowed Unsecured Non-Priority Claim), then, beginning on the 20th calendar day following entry of a final and non-appealable order of the Bankruptcy Court fixing the amount of the Allowed Unsecured Non-Priority Claim, Debtor shall begin monthly payments on such claim.

## IV. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A. Treatment of All Executory Contracts And Leases.

4.1    On the Effective Date, the following executory contracts or unexpired leases (as same may be amended, updated or revised) shall be assumed by the Debtor (i.e. "Assumed Contracts"): All rental agreements with the current tenants.

4.2    All rights in connection with all executory contracts and unexpired leases assumed by the Debtor or entered into after the Petition Date that have not been assigned to a third party shall vest in the Reorganized Debtor, pursuant to section 1141(b) of the Bankruptcy Code.

### B. Rejection of Executory Contracts and Unexpired Leases and Filing of Claims for Rejection Damages

4.5    Any executory contracts or unexpired leases to which the Debtor is a party which are not set forth above shall be deemed rejected by the Debtor as of the Effective Date unless an executory contract or unexpired lease is assumed prior to the Effective Date by Order of the Bankruptcy Court after application and notice pursuant to 11 U.S.C. § 365.

      4.6     Any Allowed Claim for damages arising from rejection under this Plan of an executory contract or unexpired lease must be filed within thirty (30) days after Effective Date or be forever barred from receiving any distribution under this Plan.

**V.     REMEDY UPON DEFAULT**

      5.1     In the event of default after confirmation, the creditor entitled to payment which has not been made shall give the Debtor written notice of such failure. Debtor shall have fifteen (15) days after receipt of such notice to cure the default. If a cure is not made, the creditor shall have all rights available under applicate law to collect the debt or to take possession of collateral securing the debt, without the necessity of seeking relief from the Bankruptcy Court.

      5.2     Debtor reserves the right, this provision notwithstanding, to propose a plan amendment to cure the default. Such action shall stay any collection effort until further order of the Bankruptcy Court.

**VI.     PROVISIONS FOR IMPLEMENTING THE PLAN**

      6.1     The Plan will be implemented, executed and consummated by the Debtor from Debtor's post-petition income generated primarily from Debtor's wages and commissions.

      6.2     Notwithstanding anything else to the contrary in the Plan, Debtor shall:

      A.     Retain all property of the estate.

      B.     Remain current on all post-petition tax obligations through the life of the Plan. Debtor shall further pay all insurance obligations for which Debtor is responsible to pay on a timely basis subsequent to the Effective Date.

      6.3     Unless otherwise provided herein, any property to be distributed on account of a claim against or interest in the Debtor shall be distributed by mail to the latest mailing address filed of record for the party entitled thereto, or if no such mailing address has been so Filed, the mailing address reflected in the Schedules of Assets and Liabilities Filed by the Debtor. Any property so distributed that is unclaimed for six (6) months after the distribution thereof by mail shall become property of the Reorganized Debtor free and clear of any restrictions thereon.

      6.4     All fees payable pursuant to Section 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at the hearing pursuant to Section 1128 of the Bankruptcy Code, shall be paid on or before the Effective Date. The Reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6). After Confirmation, the Reorganized Debtor shall file with the Court and serve on the United States Trustee a quarterly disbursement report for each quarter, or portion thereof, until a Final Decree has been entered, or the case has been dismissed or converted to another chapter, in a format prescribed by and provided to the Debtor by the United States Trustee.

      6.5     The Debtor and the Reorganized Debtor may execute such documents and take such other action as is necessary or convenient to effectuate the transactions provided for in this Article and this Plan.

VII.    **DISCHARGE AND INJUNCTION**

    7.1    **Effect of Confirmation**.  Upon the entry of the Order of Confirmation, the Debtor shall be vested with all of the property of the Estate, subject only to outstanding liens created and/or recognized by this Plan and free and clear of all other claims, liens, encumbrances, charges and other interests of creditors and shall be entitle to operate its business and manage its affairs free of any restrictions imposed by the Bankruptcy Code, the Bankruptcy rules, or any local rules, or any local rules of the Bankruptcy Court and without further order of the Bankruptcy Court, except as otherwise expressly proved under the Plan.

    7.2    **Discharge of Debtor**.  Section 1141(5) of the Bankruptcy Code, as amended, provides that:

In the case in which the debtor is an individual –

    (A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;

    (B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if-

        (i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;

        (ii) modification of the plan under section 1127 is not practicable; and

        (iii) subparagraph (C) permits the court to grant a discharge; and

    (C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that-

        (i) section 522(q)(1) may be applicable to the debtor; and

        (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);

VIII.    **RETENTION OF JURISDICTION**

    8.1    The Bankruptcy Court shall retain jurisdiction over the Case after Confirmation for the following purposes:

    A. To determine the allowability, classification, or priority of claims and interests upon objection by Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding;

    B. To construe and to take any action to enforce and execute this Plan, the Order of Confirmation, or any other Order of the Bankruptcy Court, issue such Orders as may be necessary for the implementation, execution, performance, and consummation of this Plan and all matters, referred to herein, and determine all matters that may be pending before the Bankruptcy Court in this Reorganization Case on or before the Effective Date with respect to any entity;

    C. To determine any and all applications for allowance of compensation and expense reimbursement of professionals for periods on or before the Effective Date;

    D. To determine any other request for payment of administrative expenses;

    E. To resolve any dispute regarding the implementation, execution, performance, consummation, or interpretation of this Plan;

    F. To determine motions for the rejection, assumption, or assignment of executory contracts or unexpired leases Filed before the Effective Date and the allowance of any claims resulting therefrom;

    G. To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted prior to the closing of this case;

    H. To determine such other matters and for such other purposes as may be provided in the Order of Confirmation;

    I. To modify this Plan under Section 1127 of the Bankruptcy Code, to remedy any apparent defect or omission in this Plan, or to reconcile any inconsistency in the Plan so as to carry out its intent and purposes;

    J. To issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with this Plan or its execution or implementation by any entity;

    K. To issue such orders in aid of consummation of the Plan and the Order of Confirmation, notwithstanding any otherwise applicable non-bankruptcy law, with respect to any entity, to the full extent authorized by the Bankruptcy Code; and

    L. To determine the allowability, classification, or priority of claims and interests upon objection by Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding.

    M. To recover all assets and properties of the Debtor wherever located.

    N. To hear and determine matters concerning state, local and federal taxes pursuant to, inter alia, §§ 346, 505, 525 and 1146 of the Bankruptcy Code.

    O. To hear and determine and pass upon any action or proceeding brought by the Debtor including, but not limited to, actions pursuant to §§ 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

  If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of these proceedings, including the matters set forth herein, or if the Debtor elects to bring an action in any other forum, this Article shall have no effect upon and shall not control, prohibit or limit the exercise of any jurisdiction by any other court having jurisdiction with respect to such matter.

## IX. <u>GENERAL PROVISIONS</u>

  9.1 No entity may commence or continue any action or proceeding, or perform any act to interfere with the implementation and consummation of this Plan and the payments to be made hereunder.

  9.2 Notwithstanding any other provision of the Plan specifying a date or time for payment or distribution hereunder, payments and distributions in respect of any Claim or interest which at such date or time is disputed, unliquidated or contingent shall not be made until such Claim or interest becomes an Allowed Claim, whereupon such payments and distributions shall be made promptly pursuant to and in accordance with the Plan.

  9.3 In the event that this Plan is not confirmed under the provisions of § 1129(a) of the Bankruptcy Code, the Debtor reserves the right to amend or modify this Plan so as to comply with the confirmation requirements of § 1129(a), or to seek confirmation under the provisions of § 1129(b) of the Bankruptcy Code.

## X. <u>MODIFICATION</u>

  10.1 The Plan may be modified by Debtor at any time after Confirmation and before its substantial consummation, provided that such plan, as modified, meets the requirements of Sections 1122 and 1123 of the Code and the Court, after notice and hearing, confirms such Plan, as modified, under Section 1129 of the Code, and the circumstances warrant such modification.

  10.2 A holder of a Claim or Interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within such time as fixed by the Court, such holder changes its previous acceptance or rejection.

## XI. <u>REQUEST FOR CONFIRMATION</u>

  11.1 The Debtor requests Confirmation of this Plan under Section 1129(b) of the Bankruptcy Code if any impaired class does not accept this Plan. In that event, the Debtor may modify this Plan to the extent, if any, that Confirmation of this Plan under Section 1129(b) of the Bankruptcy Code requires such modification in a manner that does not require amendment of the Disclosure Statement and resolicitation of acceptances and rejections of this Plan. The Debtor also reserve the right to modify the Plan in any manner that does not require such amendment or resolicitation.

Date: May 2, 2018                    /s/ *David Wayne Lester*
                                     David Wayne Lester, Debtor


By: /s/ *Rachel Lynn Foley*
      RACHEL LYNN FOLEY   MO#47121
      4016 S. Lynn Crt Dr., Ste. B
      Independence, MO 64055
      (816) 472-4357
      Fax (888) 876-1591
      clients@kcbankruptcy.com

ATTORNEYS FOR DEBTOR